NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL S. JOHNSON, DONNA DYMKOWSKI, PATRICIA LONG-CORREA, ANTONIO SAMUEL, VINCENT HALL, ANGELETTE WATERS, Individually, and on behalf of the Class,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEXTEL COMMUNICATIONS, INC., a Delaware Corportation; LEEDS, MORELLI & BROWN, P.C.; LENARD LEEDS, STEVEN A. MORELLI; JEFFREY K. BROWN; JAMES VAGNINI; FREDERIC DAVID OSTROVE; BRYAN MAZOLLA; SUSAN FITZGERALD; AND JOHN AND JANE DOES 1-10, (a fictitious designation for presently unknown Defendants),<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-5547  (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court on motion by Defendants Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven A. Morelli and Jeffrey K. Brown (collectively referred to as "LM&B") to transfer venue in this case from the United States District Court for the District of New Jersey ("District of New Jersey") to the United States District Court for the Southern District of New York ("S.D.N.Y.") and upon cross-motion to transfer venue by Defendants Bryan Mazzolla and Susan Fitzgerald.  Defendant Nextel Communications, Inc. ("Nextel") moves to dismiss Plaintiffs' First

Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). Defendants Bryan Mazzola and Susan Fitzgerald cross-move to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(6). Defendants LM&B move to dismiss Plaintiffs' First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. For the following reasons, Defendants' motion to transfer the case to the S.D.N.Y. is **granted**.

## I. BACKGROUND

LM&B jointly move to transfer venue pursuant to 28 U.S.C. § 1404(a) from the District of New Jersey to the S.D.N.Y.

This is a putative class action. Leeds, Morellli & Brown, P.C. is a New York law firm. Messrs. Leeds, Morelli and Brown are New York lawyers who also reside in New York. Plaintiffs seek certification of a sub-class of forty-eight out of a group of 587 nationwide LM&B clients. This case arises from the negotiation and implementation of an alternative dispute resolution ("ADR") process to resolve 587 Nextel employees' discrimination and employment claims. LM&B represented the 587 employees in the negotiation and implementation of the ADR process. In 2002, a class action was filed in Colorado on behalf of the 587 LM&B clients. The Colorado class action was settled prior to the class certification. The putative sub-class members claim that they timely requested exclusion from the Colorado class action settlement.

The essence of Plaintiffs' claims against their former lawyers is that, pursuant to an agreement conceived and negotiated in New York by attorneys admitted to practice in New York, Nextel bribed the attorneys to compromise Plaintiffs' claims against Nextel on terms favorable to Nextel ("Nextel Matter"). The foundation of many of the claims asserted against the Attorney Defendants is that there were secret payments made by Nextel to LM&B and that the entire

structure of the ADR process entered into in New York was unethical.

The events giving rise to Plaintiffs' claims occurred in New York, including the negotiation of the allegedly unethical ADR agreement, which is the foundation of Plaintiffs' claims. The firm's voluminous files relating to the representation of the six named Plaintiffs, as well as 581 other individuals, are maintained at the firm's New York office. The six named Plaintiffs reside in New Jersey, but they only represent one percent of the total 587 clients. The 587 clients were spread across twenty-three states, but were predominately located in Colorado and Georgia. The one meaningful connection between this lawsuit and New Jersey is the State of residence of the six named Plaintiffs.

This putative class action was originally filed in Superior Court, Passaic County, New Jersey, Docket No. 06-4121. LM&B and Nextel timely filed Notices of Removal pursuant to 28 U.S.C. § 1441. This Court has subject matter jurisdiction based on both 28 U.S.C. § 1332(a) and (d)(2)(A).

## II.     STANDARD OF REVIEW

A civil action where subject matter jurisdiction is founded only on diversity of citizenship may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).  "A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion in deciding whether transfer is warranted and must consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973). Although 28 U.S.C. § 1404 expressly includes three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors are: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). However, deference to the plaintiff's selected forum may be overcome "if the private and public interest factors clearly point toward trial in an alternative forum." Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D. N.J. 1998). Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the

plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D. D.C. 1981).  Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit."  Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D. N.J. 1990).

28 U.S.C. § 1404 does more than codify the doctrine of forum non conveniens; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law doctrine and it allows the District Court to exercise broader discretion in transferring the case under the statute than would be permitted under forum non conveniens. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of forum non conveniens, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). 28 U.S.C. § 1404(a) is intended to enlarge common law power under the doctrine of forum non conveniens; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc., 71 FRD 368 (D. S.C. 1976).

Questions concerning whether a transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964); Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D. D.C. 1978).

**III.    ANALYSIS**

Plaintiffs argue that their chosen venue is a paramount consideration in this Court's analysis and should, therefore, be upheld. Plaintiffs' position is that the case should still remain in New Jersey, their chosen venue. Plaintiffs argue that the burden rests with Defendants and venue should not be transferred liberally, unless the balance is strongly in favor of Defendants. Plaintiffs insist that even greater deference is offered to Plaintiffs when they are suing in their home state. Plaintiffs argue that Defendants need more than a conclusory statement of inconvenience that Defendants and witnesses reside in New York. Furthermore, Defendants already traveled to New Jersey to do business, so a slightly longer distance to the courthouse does not constitute "inconvenience." Also, many of the files are in Colorado, so it is irrelevant whether the case is heard in New York or New Jersey. Plaintiffs argue that this Court cannot order a transfer of venue if doing so would merely shift the burden of the parties. Plaintiffs' counsel is not admitted in New York. Furthermore, Plaintiffs contend that ninety-nine of the 587 members of the class action live in New Jersey. Accordingly, New Jersey has an interest in this action because Defendants traveled to New Jersey to solicit clients and Defendants represented several clients in New Jersey. According to Plaintiffs, choice of law rules also favor keeping the New Jersey venue. Because the lawsuit was originally filed in New Jersey, New Jersey choice of law rules will continue to apply. If transferred, New York courts would have to apply New Jersey choice of law rules.

Conversely, Defendants argue that venue should be transferred to the S.D.N.Y. The case was originally filed in state court, so Plaintiffs did not actually select this Court. Defendants dispute Plaintiffs' assertion that ninety-nine of the 587 class members live in New Jersey. Instead, Defendants allege that only six of the 587 class members, or about one percent of the original Plaintiffs live in New Jersey. Defendants also argue that venue is improper in New Jersey, requiring this Court to transfer venue to the S.D.N.Y. The claim arises out of an agreement negotiated in New York. Furthermore, the Dispute Resolution and Settlement

Agreement ("DRSA") is at the heart of this case and it was executed in New York. Defendants insist that a legal malpractice case against New York attorneys should be tried in New York and this Court has broad discretion to transfer the venue accordingly. The S.D.N.Y. is an adequate alternative forum.

### 1. Private Factors

The first private factor to consider is Plaintiff's choice of forum. Defendants argue that Plaintiffs first filed this lawsuit in New Jersey state court and that the District of New Jersey is not Plaintiffs' true choice of forum. Also, Defendants submit that the operative facts of this lawsuit occurred in New York; thus, the connection to New Jersey is minimal. Plaintiffs argue that their choice of forum is a paramount consideration and, although the action was removed to federal court, New Jersey is still their desired location.

As set forth above, the Third Circuit has repeatedly held that a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. See Sandvik, Inc. v. Con'l Ins. Co., 724 F. Supp. 303, 307 (D. N.J. 1989). Accordingly, Plaintiffs' choice of forum is presumptively correct. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). In this case, however, Plaintiffs' choice warrants less deference. First, the District of New Jersey was not Plaintiffs' initial choice of forum. Plaintiffs originally filed suit in New Jersey state court. Thus, because Plaintiffs did not "choose" to file their lawsuit with this Court, the District of New Jersey is not Plaintiffs' "chosen forum." Second, if this action is transferred to the S.D.N.Y., it will result in only slight inconvenience to Plaintiffs due to location. Third, the operative facts of this lawsuit have only a tangential connection to New Jersey. The essence of Plaintiffs' claim is that, while negotiating claims with Nextel, LM&B breached its duty to its clients in exchange for bribes and a consultation deal. These negotiations, which constitute the operative facts of the lawsuit occurred in New York. Lastly, this is putative class action and "where there are many potential plaintiffs scattered across the country, the choice of this plaintiff deserves less weight." Impervious Paint Indus., Ltd. v. Ashland Oil, Inc., 444 F. Supp. 465, 467 (E.D. Pa. 1978). Here,

Plaintiffs constitute only six of the 587 persons represented by LM&B. For these reasons, Plaintiffs' choice of forum deserves less deference.

This Court must also consider where the claim arose. In Haase v. Mallenkrodt, Inc., the claim arose in New Jersey, but the action was brought in New York. See 415 F. Supp. 889 (S.D.N.Y. 1976). The S.D.N.Y. granted the motion to transfer to New Jersey. Here, substantial events or omissions giving rise to the claim occurred in New York, so suit is proper in a New York forum.

The remaining private factors are not at issue in this case. The action is currently pending in the District of New Jersey in Newark. If the action was transferred to the S.D.N.Y., it would be placed in either Manhattan or White Plains. As the parties point-out in their briefs, the distance between Newark and White Plains and Manhattan is forty-two and ten miles, respectively. The convenience of the parties and witnesses and the access to proof will not be significantly impacted regardless of whether this matter is litigated in Newark, White Plains or Manhattan.

### 2.    Public Factors

Regarding the public factors, this Court must first consider the enforceability of a judgment entered in this case. Here, this factor favors transferring venue to the S.D.N.Y. because it would be easier for Plaintiffs to enforce their judgment in New York than it would in New Jersey. Second, the Court must consider the relative administrative difficulty in the two fora resulting from court congestion. Here, the relative administrative congestion between the two districts is inconsequential. While the median time interval between filing to disposition is greater in the S.D.N.Y., the median time interval from filing to trial is greater in the District of New Jersey. These differences are insufficient to favor one forum because different figures can

be used to make different arguments. Therefore, court congestion should be considered in *pari materia* with other factors in the analysis. Third, the Court must consider the local interest in deciding controversies. New York has a strong public interest in this matter. As part of its power to protect the public, New York has the authority to establish standards for licencing and regulating the practice of attorneys. States have an interest in regulating attorneys who practice within their borders. Here, this claim revolves around alleged attorney misconduct. Therefore, the S.D.N.Y.'s local interest in deciding local controversies at home favors transfer to the S.D.N.Y. Fourth, the Court must consider the public policies of the proposed forum. One such public policy is the burden on the jury. In this case, a New York jury would have a greater interest in the outcome than a New Jersey jury because New York has an interest in regulating attorneys admitted to practice in New York. Similarly, the burden of jury duty should not be imposed upon the people of a community that has no relation to the litigation. The people of the S.D.N.Y. have a vested interest in the conduct of the attorneys practicing in their community. Jurors in New Jersey have little or no interest in regulating the actions of such attorneys. Finally, the Court must consider the trial judge's familiarity with the controlling state law. The instant case is a diversity action that may involve complex choice of law issues.  In diversity actions, federal courts apply the conflict of law principles of the forum state in order to determine which substantive law applies. New Jersey's principles dictate that in suits related to contractual agreements (*e.g.*, the DRSA), the law of the state with the most significant relations, connections and contacts with the parties and the action applies. New York has the most significant relations, connections and contact with the DRSA. Therefore, a New York court would be in a better position than a New Jersey court to address the issues presented in this case.

For these reasons, there is little doubt that the venue of this action is proper in the S.D.N.Y. and there is similarly no doubt that Defendants have met their burden to show that a transfer to that forum would serve the interests of justice, therefore, it is the finding of this Court that Defendants' motion to transfer is **granted**.  In light of this Court's holding with respect to the motion to transfer venue, this Court lacks jurisdiction over Defendants' Mazzola and Fitzgerald cross-motion to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(6), Defendants' Leeds, Morelli & Brown, P.C., Lenard Leeds, Steven A. Morelli and Jeffrey K. Brown motion to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(6) and Nextel's motion to dismiss Plaintiffs' First Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6).

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to transfer is **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        September 21, 2007
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File